IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

Bud E. Lee and Sheila M. Lee, et al., )
 )
    Plaintiffs, )
 )
v. ) Case No. 11-0633-CV-W- HFS
 )
Wells Fargo Home Mortgage, )
 )
    Defendant. )

**MEMORANDUM AND ORDER**

Pending before the Court is defendant Wells Fargo Home Mortgage Motion to dismiss this this case for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 4). For the reasons outlined below, the motion will be granted in part, and denied in part.

**I.    Background**

Plaintiffs Bud and Sheila Lee reside in Ray County, Missouri. They purchased a house in the summer of 2007, financing approximately $115,000 of the purchase price with a thirty year loan secured by a first deed of trust. The Lees allege that shortly after they purchased their home they were informed that the payments needed to be made to Wells Fargo. According to the Lees, despite the fact that they never missed a payment, Wells Fargo "represented to the major credit reporting agencies" that they were delinquent on their loan. Worse yet, Wells Fargo instituted foreclosure proceedings against them and published information regarding the trustee's sale of their home in the local newspaper.

The Lees filed suit against Wells Fargo in the Ray County, Missouri, Circuit Court, asserting four claims: (1) defamation with regard to the statements made to credit agencies and the public; (2) violations of the Fair Credit Reporting Act based on Wells Fargo's representations to credit

agencies that they were in default; (3) negligence for failing to use reasonable care in the preparation and dissemination of plaintiffs' credit and debt information; and (4) an injunction to halt foreclosure of their property. The Ray County Circuit Court entered a temporary restraining order halting the foreclosure proceedings. To date, the Lees reside in their residence and the foreclosure proceedings have been stayed. Wells Fargo removed the action based on federal question jurisdiction, and then filed this motion to dismiss for failure to state a claim.

The Lees concede that their claim for injunctive relief is now moot. Wells Fargo argues that this court should dismiss the Lees' claim based on the Fair Credit Reporting Act because there is no private right of action under 15 U.S.C. § 1681s-2(a), and for failure to adequately plead a claim under 15 U.S.C. § 1681s-2(b). Finally, Wells Fargo argues that the defamation and negligence claims fail as well because Missouri law does not permit tort actions based on an attempted wrongful foreclosure.

## II. Legal Standards

The purpose of a motion to dismiss is to test the legal sufficiency of the claims asserted. When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must take the alleged facts as true and determine whether they are sufficient to raise more than a speculative right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The court does not, however, accept as true any allegation that is a legal conclusion. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that [plaintiff] is entitled to relief,' in order to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated

by Twombly, supra). Although detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. Twombly, 550 U.S. at 555. A complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

**A. Fair Credit Reporting Act Claim**

Plaintiffs argue that Wells Fargo violated the Fair Credit Reporting Act. Specifically, plaintiffs complain that after they notified Wells Fargo of the dispute, "Wells Fargo failed to follow reasonable procedures to assure maximum possible accuracy of the information it supplied to consumer reporting agencies for the purpose of placing the information into Plaintiff's credit reports." (Doc. No. 1, Ex. 1, ¶ 19).

The Fair Credit Reporting Act is intended to protect consumers from the transmission of inaccurate information about them and to establish credit reporting practices that use accurate, relevant, and current information in a confidential and responsible manner. Cortez v Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010). Under the Fair Credit Reporting Act, furnishers of information, such as Wells Fargo, have certain duties to provide accurate information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). However, not all of the provisions of the Act permit a private cause of action. Violations of the provisions of 15 U.S.C. section 1681s-2(a) can only be enforced by governmental agencies and officials. See 15 U.S.C. § 1681s-2( c)(1); Chiang v

Verizon New England Inc., 595 F.3d 26, 35 (1st Cir. 2010) ("Congress expressly limited furnishers' liability under § 1681s-2(a) by prohibiting private suits for violations of that portion of the statute."); Gorman v Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) ("[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies").

Another provision of the Fair Credit Reporting Act, section 1681s-2(b), authorizes a private right of action. This section outlines a furnisher's duties when a consumer disputes the accuracy of information in their credit report. However, notice of disputed information provided directly by the consumer to a furnisher does not trigger the duties of investigation under section 1681s-2(b). Gorman, 584 F.3d at 1154. A cause of action arises only by showing that the furnisher received notice from a credit reporting agency, not the consumer, that the credit information is in dispute. See, e.g, Young v Equivax Credit Info. Svs., 294 F.3d 631, 639 (5th Cir. 2002).

After the briefs were filed in this case, the Third Circuit considered a case quite similar to this one. Simmsparris v Countrywide Financial Corp., 652 F.3d 355 (3d Cir. 2011). That court reinforced that a furnisher's duty to investigate is not triggered until the furnisher receives notice from a credit reporting agency of a dispute. Id. at 358-59. The Third Circuit reiterated that the furnisher has no duty to investigate until it receives notice from the reporting agency of a dispute and expressly held that notice from the consumer alone does not trigger liability under the Act. Id. at 359.

Here, plaintiffs' complaint fails to allege that Wells Fargo received notice from a credit reporting agency of the dispute. Plaintiffs contend that this allegation is unnecessary at this point in the proceedings and that "there is a strong likelihood that further discovery will support Plaintiffs' claim of a violation of 15 U.S.C. § 1681s-2(b)." Had plaintiffs alleged that they themselves notified a credit reporting agency of the dispute, further discovery might be in order.

4

Here, however, there is no such allegation. Indeed, plaintiffs simply allege that they notified Wells Fargo directly of the dispute. This is insufficient to trigger a private right of action under the Act. Accordingly, plaintiffs have failed to state a cause of action based on the Fair Credit Reporting Act.

> **B. Defamation and Negligence Claims**

Wells Fargo argues that plaintiffs have also failed to state a claim for defamation and negligence. Wells Fargo contends that plaintiffs' claims sound in tort for "attempted wrongful foreclosure," and that this cause of action is not recognized in Missouri. See Reese v First Missouri Bank & Trust Co. of Creve Couer, 736 S.W.2d 371, 373 (Mo. 1987) ("authorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non-judicial foreclosure of deeds of trusts").

Although Missouri law is murky, the elements of a cause of action for defamation and negligence are different than a claim for attempted wrongful forfeiture. Moreover, authority exists that defamation suits may be permissible in these circumstances. See Hoyt v G.E. First Missouri Bank & Trust Co. of Creve Coeur, 193 S.W.3d 315 (Mo. App. E.D. 2006).

For the reasons set forth above, defendant's motion to dismiss is granted with respect to Count II (Fair Credit Reporting Act) and Count IV (Injunctive Relief), but denied with respect to Count I (Defamation) and Count III (Negligence). SO ORDERED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October  21 , 2011

Kansas City, Missouri